UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PHILLIP JEROME GARDNER,

                Plaintiff,

-against-

GREEN HAVEN CORR. FACILITY;
WESTCHESTER MEDICAL CENTER,

                Defendants.

25-CV-3979 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Attica Correctional Facility, brings this action *pro se*. Plaintiff also requests to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). Plaintiff is barred, however, from filing any new action IFP while he is a prisoner. *See Gardner v. Mcardle*, No. 10-CV-3182 (LAP) (S.D.N.Y. May 7, 2012). That order relied on the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[1]

---

[1] The Court has identified the following dismissals as strikes: *Gardner v. Tucker*, No. 13-2903 (2d Cir. Dec. 12, 2013) (appeal, filed while Plaintiff was a prisoner, dismissed as frivolous); *Gardner v. Hochul*, No. 22-986 (2d Cir. Sept. 20, 2022) (same); *Gardner v. West*, No. 10-CV-2972 (LAP) (S.D.N.Y. Apr. 7, 2010) (dismissing action, filed while Plaintiff was a prisoner, for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Gardner v. Tucker*, No. 08-4411-pr (2d Cir. Mar. 6, 2009) (appeal, filed while Plaintiff was a prisoner, dismissed as frivolous); *Gardner v. Dep't of Corr.*, No. 00-CV-3161 (MBM) (S.D.N.Y. Apr. 26, 2000) (dismissing action, filed while Plaintiff was a prisoner, for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Gardner v. New York Times Co.*, No. 00-CV-2173 (TPG) (S.D.N.Y. Mar. 22, 2000) (same).

Although Plaintiff has filed this new action seeking IFP status, his complaint does not show that he is in imminent danger of serious physical injury. An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

Plaintiff sues Green Haven Correctional Facility and Westchester Medical Center with respect to medical care he received while incarcerated at Green Haven. Specifically, he alleges that, in April 2022, he was permanently injured as a result of surgery he received, and that, if he had known of the potential for the injury, he would not have consented to the surgery. Plaintiff filed the complaint in this action on May 5, 2025, at which time he was incarcerated at Mid-State Correctional Facility. While Plaintiff alleges that, as a result of Defendants' actions, he can no longer masturbate or have children, he does not allege any facts suggesting that he was being denied appropriate medical care at Mid-State or that he was otherwise in imminent danger of serious physical injury at Mid-State at the time he filed the complaint. His allegation that he was permanently injured in the past is insufficient to satisfy the imminent danger exception. *See Malik*, 293 F.3d at 563 (holding that the imminent harm exception exists to prevent impending harms, "not those harms that had already occurred" (internal quotation marks omitted)).

Plaintiff is therefore barred from filing this action IFP.

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff

---

[2] Plaintiff may commence a new action by paying the filing fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune

remains barred from filing any future action IFP while he is in custody, unless he is under imminent threat of serious physical injury.[3] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:   June 4, 2025
         New York, New York

                                    /s/ Laura Taylor Swain
                                       LAURA TAYLOR SWAIN
                                   Chief United States District Judge

---

from such relief." 28 U.S.C. § 1915A(b).

[3] The court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).